UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:14-CV-14318-ROSENBERG/LYNCH

TONI FOUDY and
SHAUN FOUDY,

    Plaintiffs,

v.

CITY OF PORT ST. LUCIE *et al.*,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

THIS CAUSE is before the Court *sua sponte*. On July 28, 2015, the Court entered an Order Granting in Part and Denying in Part Defendants, City of Port St. Lucie, Meyer Ghobrial, Michael Ryan Connor, Richard Giaccone, Steve Camara, and William van der Slike's Motion to Dismiss Plaintiffs' Amended Complaint [DE 31]. *See* DE 47. Pursuant to that Order, Counts I, II, III, and IV of Plaintiffs' Amended Complaint [DE 29] were dismissed with prejudice on statute of limitations grounds.[1] *See id.* at 13. The Court concluded, however, that dismissal of Plaintiffs' Amended Complaint on statute of limitations grounds was otherwise inappropriate. *See id.* The Court has reconsidered its prior Order and now revises that Order as follows:[2] Defendants' Motion [DE 31] is **GRANTED**. In addition to Counts I, II, III, and IV, Counts V, VI, and VII are **DISMISSED WITH PREJUDICE** on statute of limitations grounds.

---

[1] The Court deferred ruling on all issues presented in Defendants' Motion except those related to the statute of limitations. *See* DE 47 at 1 n.1.

[2] The Court may reconsider, revise, alter, or amend its prior Order on Defendants' Motion at any time prior to entering final judgment. *See Fortran Grp. Int'l, Inc. v. Tenet Hospitals Ltd.*, 543 F. App'x 934, 936 (11th Cir. 2013) (citing *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227, 1232 (11th Cir. 2010); *Hardin v. Hayes*, 52 F.3d 934, 938 (11th Cir. 1995)).

## I. INTRODUCTION

This action was brought pursuant to 18 U.S.C. § 2721 *et seq.* and 42 U.S.C. § 1983 for alleged violations of the Driver's Privacy Protection Act of 1994 ("DPPA") and related violations of Plaintiffs' civil rights. The Court set out the relevant procedural history in detail in its prior Order on Defendants' Motion to Dismiss, *see* DE 47 at 2–4, and will not repeat itself here.

In its prior Order, the Court concluded that a four-year statute of limitations period applies both to Plaintiffs' DPPA claims and to Plaintiffs' § 1983 claims. *See id.* at 6, 11. With respect to Plaintiffs' DPPA claims, the Court further concluded that the four-year period began to run as to each Defendant on the latest date that Defendant allegedly violated the DPPA. *See id.* at 6–8. As a result, the Court determined that Plaintiffs' DPPA claims are barred by the statute of limitations. *See id.* at 8–11. On these points, the Court's prior Order stands.

However, with respect to Plaintiffs' § 1983 claims, the Court has reconsidered the reasoning behind its conclusion that a four-year statute of limitations period applies. The Court has also reconsidered its conclusion that the four-year period began to run when Plaintiffs discovered Defendants' alleged DPPA violations. *See id.* at 12. For the reasons set forth below, the Court now concludes that the four-year period began to run as to each Defendant on the latest date that Defendant allegedly violated the DPPA. Accordingly, Plaintiffs' DPPA claims *and* Plaintiffs' § 1983 claims are barred by the statute of limitations.

## II. LEGAL STANDARD

"A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate 'if it is apparent from the face of the complaint that the claim is time-barred.'" *Gonsalvez v. Celebrity Cruises Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013) (quoting *La Grasta v. First Union Sec., Inc.*,

358 F.3d 840, 845 (11th Cir. 2004)). "Exhibits to the complaint are considered a part of the complaint for all purposes, and may therefore be considered in deciding a motion to dismiss." *Lawrence v. United States*, 597 F. App'x 599, 602 (11th Cir. 2015) (internal citation omitted).

### III. LEGAL ANALYSIS

#### A. Statute of Limitations for § 1983 Claims

Plaintiffs' § 1983 claims are predicated exclusively on Defendants' alleged violations of the DPPA. Plaintiffs do not allege "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws"[3] other than the statutory rights to which Plaintiffs claim they are entitled under the DPPA. *See* DE 29, Am. Compl. ¶¶ 97–132. In other words, Plaintiffs' § 1983 claims are made possible by the DPPA, a federal statute enacted in 1994. *See* Pub. L. No. 103-322, §§ 300001–03, 108 Stat. 2099 (1994).

The statute of limitations period applicable to Plaintiffs' § 1983 claims is therefore determined not by reference to Florida's personal injury statute of limitations, but by reference to 28 U.S.C. § 1658(a).[4] Section 1658 provides a uniform federal statute of limitations for all civil actions arising under federal statutes enacted after December 1, 1990. *See* 28 U.S.C. § 1658(a); *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 380 (2004). A cause of action need not be "based solely upon" a post-1990 enactment for § 1658 to apply. *Jones*, 541 U.S. at 383. Rather, "a cause of action 'aris[es] under an Act of Congress enacted' after December 1, 1990—and therefore is governed by § 1658's 4-year statute of limitations—if the plaintiff's claim was made possible by a post-1990 enactment." *Id.* at 382.

---

[3] 42 U.S.C § 1983.
[4] "Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues."

The Supreme Court has suggested that a § 1983 claim predicated on the violation of a federal statute enacted after December 1, 1990 is "made possible by" a post-1990 enactment and is therefore governed by § 1658's 4-year statute of limitations.

> The statute of limitations for a § 1983 claim is generally the applicable state-law period for personal-injury torts. . . . It may be, however, that this limitations period does not apply to respondent's § 1983 claim. In 1990, Congress enacted 28 U.S.C. § 1658(a), which provides a 4-year, catchall limitations period applicable to "civil action[s] arising under an Act of Congress enacted after" December 1, 1990. In [*Jones*], we held that this 4-year limitations period applies to all claims "made possible by a post–1990 [congressional] enactment." *Since the claim here rests upon violation of the post–1990 [Telecommunications Act of 1996], § 1658 would seem to apply*.

*City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 123 n.5 (2005). Relying in part on this language, the Eleventh Circuit Court of Appeals has concluded that § 1658's 4-year statute of limitations governs a § 1983 claim for violations of § 1981, as amended in 1991. *See Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336, 1338 (11th Cir. 2008) (quoting *Jones*, 541 U.S. at 382) (*citing* Abrams, 544 U.S. at 123 n.5) ("In this case, [plaintiff's] claims arise under a post-1990 Act of Congress. Were it not for the 1991 Act, [plaintiff's] complaint would fail to state a claim under § 1983. . . . [Plaintiff's] claims against [defendant] were 'made possible by a post-1990 enactment' and 'therefore [are] governed by § 1658's 4-year statute of limitations.'").

In the instant case, Plaintiffs' § 1983 claims are predicated on Defendants' alleged violations of the post-1990 DPPA. Thus, Plaintiffs' claims are "made possible by a post-1990 enactment" and "therefore [are] governed by § 1658's 4-year statute of limitations." *See Jones*, 541 U.S. at 382; *Abrams*, 544 U.S. at 123 n.5; *Baker*, 531 F.3d at 1338.

### B. Accrual of § 1983 Claims

Plaintiffs' § 1983 claims accrued for statute of limitations purposes at the time the alleged violations of Plaintiffs' statutory rights under the DPPA occurred, not at the time Plaintiffs

4

discovered the facts constituting the alleged violations. This conclusion is consistent with Supreme Court precedent and with the text and structure of 28 U.S.C. § 1658:

> (a) Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues.
>
> (b) Notwithstanding subsection (a), a private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws, as defined in section 3(a)(47) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(47)), may be brought not later than the earlier of—
>
>> (1) 2 years after the discovery of the facts constituting the violation; or
>>
>> (2) 5 years after such violation.

Plaintiffs' § 1983 claims do not involve "fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws." Section 1658(b) and the discovery rule embedded in that subsection are therefore inapplicable to these claims. Rather, Plaintiffs' § 1983 claims—like Plaintiffs' DPPA claims—are governed by § 1658(a).

As the Court noted in its prior Order, § 1658(a) is silent as to when a cause of action accrues for statute of limitations purposes. However, in 2002, Congress added 28 U.S.C. § 1658(b), which enumerates certain types of actions that may accrue upon discovery, and left § 1658(a) unchanged. *See Merck & Co. v. Reynolds*, 559 U.S. 633, 647–48 (2010). "Congress can convey its refusal to adopt a discovery rule . . . by implication from the structure or text of the particular statute. . . . Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent." *TRW Inc. v. Andrews*, 534 U.S. 19, 27–28 (2001). The Court therefore concludes that Congress did not intend to apply the discovery rule to actions governed by § 1658(a).

### C. Defendants' Alleged Violations of the DPPA

For the reasons set forth in the Court's prior Order, Plaintiffs may seek relief under § 1983 only for DPPA violations alleged to have occurred on or after March 5, 2011—four years prior to the date on which Plaintiffs' Amended Complaint was filed. *See* DE 47 at 8–10. However, it is apparent from the exhibits attached to Plaintiffs' Amended Complaint that none of the alleged DPPA violations occurred within that period of time.[5] Accordingly, all of Plaintiffs' § 1983 claims against the individual Defendants named in Counts V and VI are time-barred. Likewise, Count VII against Defendant City of Port St. Lucie—which is predicated on the individual violations alleged in Counts V and VI—is also barred.[6] Counts V, VI, and VII are therefore DISMISSED WITH PREJUDICE.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that Defendants, City of Port St. Lucie, Meyer Ghobrial, Michael Ryan Connor, Richard Giaccone, Steve Camara, and William van der Slike's Motion to Dismiss Plaintiffs' Amended Complaint [DE 31] is **GRANTED** as follows:

1. In addition to Counts I, II, III, and IV, Counts V, VI, and VII of Plaintiffs' Amended Complaint [DE 29] are **DISMISSED WITH PREJUDICE** on statute of limitations grounds.

2. The Court will enter Final Judgment in favor of Defendants separately.

3. All pending motions are **DENIED AS MOOT**, all scheduled hearings are **CANCELLED**, and all deadlines are **TERMINATED**.

---

[5] The dates of Defendants' alleged DPPA violations are set forth in the Court's prior Order. *See* DE 47 at 11.

[6] To the extent that Plaintiffs' § 1983 claim against Defendant City of Port St. Lucie might be predicated on individual DPPA violations that occurred within the statute of limitations period, the Court notes that Plaintiffs have not alleged any such violations. If any DPPA violations occurred within the statute of limitations period, the Court cannot fathom why Plaintiffs would not have alleged the same in their Amended Complaint. The Court therefore concludes that no individual DPPA violations occurred within the statute of limitations period.

4. The Clerk of Court is instructed to **CLOSE THIS CASE**.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 8th day of September, 2015.

*/s/ Robin L. Rosenberg*

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE